[No. 3797.]

THE X Y IRRIGATING DITCH CO. v. THE BUFFALO CREEK IRRIGATION CO.

WATER RIGHTS—ADJUDICATION OF PRIORITIES—EVIDENCE.

In an adjudication of priorities of water rights no waste of water should be tolerated by the courts, and decrees for its use should be withheld in the absence of evidence showing, *inter alia*, the quantity continuously applied to some beneficial use. But no fixed rule can be laid down as to what amount and kind of evidence of the acreage continuously irrigated shall be necessary. The decree in each case must rest upon the facts in that case, and because the evidence in reference to the use of water by the owner of an irrigating ditch does not approach in certainty and exactness that introduced by some other ditch owner is no reason for withholding a decree. The opinion of the court of appeals in this case, 9th Colo. App. 438, approved.

VOL. XXV—34

*Appeal from the Court of Appeals.*

Mr. HENRY A. DUBBS and Mr. CHAS. E. GAST, for appellant.

Messrs. ROGERS & SHAFROTH, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In the year 1895 the district court of Bent county, in proceedings instituted under the so-called irrigation statutes, entered a decree adjudicating the priorities to the use of water for irrigation in water district No. 67. Among others then established were those of the parties here who owned irrigating ditches in that district. The appellant being dissatisfied with the rights decreed to the appellee, took an appeal to the court of appeals, where the judgment below was affirmed, and this appeal is prosecuted to review the latter judgment.

In this court, as in the court of appeals, the appellant has raised this general question only: "What degree of certainty must exist in testimony concerning the acreage continuously and beneficially irrigated to warrant the court in entering a decree of priority for an irrigating ditch?" In their brief one ground of complaint urged by the learned counsel for appellant, which, in one sense, comprises its entire grievance, is that neither in the district court nor in the court of appeals have the real merits of the controversy been properly considered or rightly determined, and another, though included in the former, but separately argued, is that appellee's evidence lacks that certainty which a ditch owner must produce to entitle him to a decree.

We thoroughly agree with counsel that no waste of water from natural streams should be countenanced by the courts, and that their decrees for its use should be withheld in the absence of evidence showing, *inter alia*, with reasonable certainty, the quantity continuously applied to some beneficial

use. If the merits of the cause have not received proper consideration, or if the evidence is insufficient to sustain the decree, the appellant has the right to complain. Impressed with both the printed and oral forceful arguments of its counsel upon these points, we have attentively examined the entire record, bearing in mind this complaint, for the purpose of ascertaining if it is true. The opinion of the court of appeals, written by Mr. Justice Wilson, is to be found in 9 Colo. Appeals, 438 (49 Pac. Rep. 264), and it bears evidence of careful preparation based upon a diligent examination of the record. We readily concede that the evidence introduced by appellant in support of its statement of claim concerning its own ditch is much more satisfactory than that produced by the appellee in support of its statement. But it does not follow from this that an owner of an irrigating ditch is not to receive a decree in his favor because the character of evidence in support of his rights does not, in comparison with evidence produced by the owner of some other ditch, approach the latter in exactness or fullness.

An arbitrary standard by which all cases are to be determined cannot be fixed, and no attempt should be made to accomplish the impossible. On the facts of each case must the appropriate decree rest, governed, of course, by those general rules of weighing evidence and applying legal principles common to all legal controversies. We are in accord with the court of appeals, and for similar reasons, when it confesses its inability to give a definite answer to the question propounded by counsel for appellant; but inability, from whatever cause, to answer questions propounded, or a failure to prescribe formulas or rules to govern all cases, is, of itself, of course, no reason for reversing a particular judgment that was rendered upon evidence warranting it in that case. The opinion, *supra*, meets with our approval, and a repetition of its argument would serve no useful purpose.

An examination of the record satisfies us that the rights of the parties to this controversy received careful and conscientious consideration by the district court, as well as by

the court of appeals; and as we think the evidence sufficient to sustain all the findings of fact upon which the decree rests, the judgment of the court of appeals affirming it should also be affirmed, and it is so ordered.

*Affirmed.*